UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ABU-ALI ABDUR' RAHMAN            )
                                 )
v.                               )    No. 3:96-0380
                                 )    JUDGE CAMPBELL
RICKY BELL, Warden               )    DEATH PENALTY

MEMORANDUM

I. Introduction

Pending before the Court is Petitioner's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). (Docket Nos. 254, 286). The Respondent has filed a Response in opposition to the Motion (Docket No. 318), and the Petitioner has filed a Reply (Docket No. 319). The Court held a hearing on the Motion on May 6, 2008.

For the reasons set forth below, the Motion is GRANTED.

II. Procedural and Factual Background

In 1998, this Court considered Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254, and upheld the Petitioner's state court conviction, but granted the writ as to his death sentence based on ineffective assistance of counsel. (Docket Nos. 205, 206). Abdur'Rahman v. Bell, 999 F.Supp. 1073 (M.D. Tenn. 1998). In reaching its decision, the Court denied Petitioner's claim that the state prosecutor engaged in prosecutorial misconduct during the proceedings leading to his death sentence. 999 F.Supp. at 1079-87. Specifically, the Court determined that those claims had not been exhausted in state court because the Petitioner failed to seek discretionary review of those claims in the Tennessee Supreme Court, and therefore, were defaulted. Id.

The parties appealed the Court's decision to the Sixth Circuit Court of Appeals. (Docket Nos. 207, 210). While the appeal was pending and before the Sixth Circuit issued an opinion in the case, on June 7, 1999, the United States Supreme Court issued its decision in O'Sullivan v. Boerckel, 526 U.S. 838, 119 S.Ct. 1728, 1734, 144 L.Ed.2d 1 (1999). The O'Sullivan Court held that a prisoner was required to present his claims to the highest court in the state for discretionary review to satisfy the habeas corpus exhaustion requirement, *unless* a state court makes clear that discretionary review is "unavailable." Id.

On September 13, 2000, the Sixth Circuit affirmed the Court's decision upholding Petitioner's conviction, but reinstated the death sentence, finding that the Petitioner had not been prejudiced by his trial counsel's deficient performance. Abdur'Rahman v. Bell, 226 F.3d 696 (6th Cir. 2000). The Petitioner applied for a writ of certiorari in the United States Supreme Court, which was denied on October 9, 2001. Abdur'Rahman v. Bell, 534 U.S. 970, 122 S.Ct. 386, 151 L.Ed.2d 294 (2001). The Petitioner then applied for rehearing, which was denied on December 3, 2001. Id.

In the meantime, on June 28, 2001, the Tennessee Supreme Court promulgated Rule 39 of the Rules of the Supreme Court of Tennessee apparently in response to the Supreme Court's decision in O'Sullivan. Rule 39 provides as follows:

> In all appeals from criminal convictions or post-conviction relief matters from and after July 1, 1967, a litigant shall not be required to petition for a rehearing or to file an application for permission to appeal to the Supreme Court of Tennessee following an adverse decision of the Court of Criminal Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when the claim has been presented to the Court of Criminal Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies available for that claim. On automatic

2

> review of capital cases by the Supreme Court pursuant to Tennessee Code Annotated, § 39-13-206, a claim presented to the Court of Criminal Appeals shall be considered exhausted even when such claim is not renewed in the Supreme Court on automatic review.

On November 2, 2001 and before the Supreme Court denied his petition for rehearing, the Petitioner filed a Motion For Relief From Judgment Pursuant To Fed.R.Civ.P. 60(b) (Docket No. 254) in this Court seeking to set aside the Court's dismissal of his prosecutorial misconduct claims based on the Tennessee Supreme Court's promulgation of Rule 39. Specifically, Petitioner asserted that under Rule 39, a petition for discretionary review by the Tennessee Supreme Court is not necessary for exhaustion purposes, and therefore, the prosecutorial misconduct claims were exhausted. Consequently, according to the Petitioner, he should be allowed to proceed on the merits of those claims.

Based on the Sixth Circuit's decision in McQueen v. Scroggy, 99 F.3d 1302 (6th Cir. 1996), this Court determined that Petitioner's Rule 60(b) Motion presented a new theory predicated on a new rule of law adopted by the Tennessee Supreme Court, and therefore, should be treated as a second or successive habeas petition subject to 28 U.S.C. § 2244. (Docket No. 267). Accordingly, the Court ruled that it was without jurisdiction to decide the Rule 60(b) Motion, and transferred the case to the Sixth Circuit on November 27, 2001. (Id.)

On January 18, 2002, the Sixth Circuit determined that the Petitioner's Rule 60(b) Motion was the equivalent of a second or successive habeas corpus petition, and concluded that the Petitioner had failed to meet the criteria for filing such a petition under 28 U.S.C. § 2244(b)(2). (Docket No. 274). In reaching its decision, the court noted its agreement with this Court that the prosecutorial misconduct claims had not been exhausted, under Silverburg v.

3

Evitts, 993 F.2d 124, 126 (6th Cir. 1993), because they had not been presented to the Tennessee Supreme Court. (Id.)

On April 22, 2002, the United States Supreme Court granted Petitioner's petition for writ of certiorari to resolve, in part, the question of whether relief from judgment is available in a habeas corpus case under Rule 60(b) or whether such relief is available only under the provisions of 28 U.S.C. § 2244(b), as held by the Sixth Circuit. Abdur'Rahman v. Bell, 122 S.Ct. 1605 (2002). (Docket No. 281). The Supreme Court subsequently dismissed the petition for writ of certiorari as improvidently granted. Abdur'Rahman v. Bell, 123 S.Ct. 594 (2002).

Based on Justice Stevens' dissent from that decision, the Petitioner filed, in this Court on December 12, 2002, a Motion for Relief From Judgment Exclusively Pursuant To Fed.R.Civ.P. 60(b). (Docket No. 286). Through the Motion, the Petitioner incorporated his prior Rule 60(b) Motion, but made clear that he sought relief under Rule 60(b) only, and did not request to file a second or successive habeas petition under 28 U.S.C. § 2244. (Id.) Petitioner filed the Motion in order to correct what he perceived to be a technical problem with the Court's prior ruling and which led to the Supreme Court's dismissal of the writ of certiorari – the Court's order did not expressly state that the Rule 60(b) Motion was *dismissed* for lack of jurisdiction. (Id.) After holding a hearing, the Court issued an Order on December 17, 2002 (Docket No. 289) denying and dismissing the pending Motion for lack of jurisdiction, and transferring the case to the Sixth Circuit for its consideration as a second or successive habeas corpus petition.

4

By Order issued on March 5, 2003 (Docket No. 300), the Sixth Circuit denied the Petitioner's request for a certificate of appealability, and to transfer the case back to this Court. The dissent argued that McQueen v. Scroggy, supra, had been wrongly decided. Id.

On May 20, 2003 and before the Sixth Circuit ruled on Petitioner's request for *en banc* review, the Sixth Circuit issued its opinion in Adams v. Holland, 330 F.3d 398 (6th Cir. 2003), which held that Rule 39 made Tennessee Supreme Court review unavailable for federal habeas corpus exhaustion purposes, and that Rule 39 should apply retroactively to the petitioner's case, which was pending on appeal when the rule was promulgated.

On June 6, 2003, the Sixth Circuit granted Petitioner's request for hearing *en banc* of its prior ruling (Docket No. 274) – that the Petitioner's Rule 60(b) Motion was the equivalent of a successive habeas corpus petition, and holding that the Petitioner had failed to meet the criteria for filing such a petition under 28 U.S.C. § 2244(b)(2). (Docket No. 302). The *en banc* court subsequently overruled McQueen v. Scroggy, supra, reversed this Court's dismissal of the Petitioner's Rule 60(b) Motion as the equivalent of a second or successive habeas corpus petition, and remanded the case to this Court for consideration of the Motion under Rule 60(b). Abdur'Rahman v. Bell, 392 F.3d 174 (6th Cir. 2004).

The Respondent then filed a petition for writ of certiorari seeking review of the appeals court's decision. While the petition was pending, the Supreme Court decided Gonzalez v. Crosby, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005), which held that the petitioner's Rule 60(b) motion challenging the district court's prior statute of limitations ruling was not a

5

second or successive petition, but affirmed the denial of the motion because the petitioner had failed to demonstrate "extraordinary circumstances."

On June 28, 2005, the Supreme Court granted the petition in this case, vacated the judgment of the *en banc* court, and remanded the case to the Sixth Circuit for further consideration in light of Gonzalez, supra. Bell v. Abdur'Rahman, 125 S.Ct. 2991 (2005).

The *en banc* court subsequently returned the case to the panel to which it was originally submitted for consideration, rather than remanding the case back to the district court as suggested by the dissent. Abdur'Rahman v. Bell, 425 F.3d 328 (6th Cir. 2005). On July 13, 2007, the original panel ruled that based on Gonzalez, the Petitioner's Rule 60(b) Motion should not be treated as a second or successive petition. Abdur'Rahman v. Bell, 493 F.3d 738 (6th Cir. 2007). The panel went on to hold, however, that the Motion should be considered under Rule 60(b)(1), rather than 60(b)(6), and consequently, the Motion was untimely because it was not filed within one year after the judgment was entered. 493 F.3d at 740-41.

On October 19, 2007, the Sixth Circuit granted rehearing *en banc*, vacated the panel opinion, and restored the case on the docket as a pending appeal. (Sixth Circuit Order entered October 19, 2007; Docket No. 312). On January 18, 2008, the panel issued an order finding that the Petitioner's Motion "was timely made pursuant to Fed. R. Civ. P. 60(b)(6) rather than a second or successive habeas corpus petition, and we remand this case to the district court for a determination of whether the motion should be granted." (Id.)

III. Analysis

A. <u>Extraordinary Circumstances</u>

Relying primarily on <u>Gonzalez v. Crosby</u>, <u>supra</u>, Respondent argues that Petitioner has not demonstrated "extraordinary circumstances" entitling him to relief under Rule 60(b)(6). Rule 60(b)(6) provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> * * *
>
> (6) any other reason that justifies relief.

The Supreme Court has held that in order to obtain relief under this provision, a movant must show "extraordinary circumstances" justifying the reopening of a final judgment. <u>See</u>, <u>e.g.</u>, <u>Gonzalez</u>, 125 S.Ct. at 2649. Such circumstances, according to the <u>Gonzalez</u> Court, rarely occur in the habeas context. <u>Id.</u> This case is the exception to that general rule, however, given the promulgation of Tennessee Supreme Court Rule 39 and the Petitioner's diligence in seeking habeas relief.

At the time this Court dismissed Petitioner's prosecutorial misconduct claims for failure to exhaust the claims in state court, Sixth Circuit law required that a petitioner seek discretionary review of claims before the state's highest court in order to give the court "a full and fair opportunity" to rule on the claims. <u>Silverburg v. Evitts</u>, 993 F.2d at 126. The Supreme Court subsequently confirmed that principle, ruling in <u>O'Sullivan</u> that in order to provide the state courts with a fair opportunity to consider habeas claims, the petitioner is required to file petitions for discretionary review "when that review is part of the ordinary appellate review procedure in

7

the State." 119 S.Ct. at 1733-34. The Tennessee Supreme Court's promulgation of Rule 39 after the O'Sullivan decision was an unexpected declaration by the state that it did not want to review all habeas claims prior to their presentation to the federal courts. The Court concludes that such a declaration was an exceptional development in this area of the law warranting reconsideration of Petitioner's claims.[1]

The chronology of events in this case also argue in favor of granting Petitioner's Motion. The promulgation of Rule 39 occurred before the Supreme Court ruled on Petitioner's application for writ of certiorari on his original habeas petition. Petitioner filed his first Rule 60(b) motion, based on Rule 39, within five months thereafter, and before the Supreme Court denied his petition for rehearing on his habeas petition. Thus, there has been no undue delay or abandonment of the claim, and Petitioner has been diligent in seeking relief in this case.

Policy considerations also argue in favor of granting Petitioner's Motion. The federal courts have repeatedly expressed a desire to have their decisions reflect their interest in comity between the state and federal courts, especially in the habeas corpus context. Indeed, the purpose of the procedural default rules and the exhaustion doctrine is to encourage respect for state rules and decisions and promote federalism. Ignoring the state court's view of its own law in the Court's exhaustion analysis by refusing to reopen the judgment in this case would seriously undermine these policy considerations.

---

[1] Unlike Gonzalez, which involved different federal interpretations of the same federal statute, Rule 39 is a new state procedural rule that changed the contextual setting in which the federal courts apply federal exhaustion law.

For these reasons, the Court concludes that Petitioner's Rule 60(b) Motion should be granted. Accordingly, the Court will consider the prosecutorial misconduct claims that are the subject of the 2001 Rule 60(b) Motion.

The Court certifies that this case involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from this Memorandum and accompanying Order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

Unless a party seeks an interlocutory appeal, the Petitioner shall file a supplemental brief regarding the prosecutorial claims that are the subject of his 2001 Rule 60(b) Motion on or before June 6, 2008.[2] The Respondent shall file any response on or before July 7, 2008. The Petitioner shall file any reply on or before July 22, 2008.

## IV. Conclusion

For the reasons set forth above, Petitioner's Rule 60(b) motion is granted.

It is so ORDERED.

*Todd Campbell*

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

[2] Petitioner does not request a reopening of the proof.

9